[Crim. No. 3157.   Second Appellate District, Division Two.—December 16, 1938.]

THE PEOPLE, Respondent, v. CHARLES I. HASKINS, Appellant.

Gladys Towles Root for Appellant.

U. S. Webb, Attorney-General, and R. S. McLaughlin, Deputy Attorney-General, for Respondent.

WOOD, J.—The defendant was convicted by a jury of the crime of manslaughter. He prosecutes this appeal from the judgment.

It is contended on behalf of defendant that the evidence is insufficient to sustain the verdict. The conviction is based upon the reckless driving of defendant when his automobile struck the automobile being driven by Walter E. Hulce at the corner of Chestnut and State Streets in the city of Long Beach. At about 2 o'clock in the afternoon of June 10, 1938, Mr. Hulce was driving his car in a northerly direction on Chestnut Street. He made a boulevard stop at the intersection and proceeded at a speed of approximately 10 miles per hour when his car was struck on the left front side by the car driven by defendant. Mr. Hulce received injuries in the collision which caused his death. The defendant was driving in an easterly direction along State Street through a residential district. The street had been legally posted as a 25-mile zone but defendant was driving at a speed of between 50 and 60 miles per hour. At a point two blocks before the intersection where the accident occurred defendant narrowly missed a car going in the same direction and at one block before reaching the intersection he "raked" the foot of a·chainman working in the center of the street behind a red flag. At a distance of about 34 feet from the point of the impact of the cars he applied his brakes. At the location of the collision State Street is paved and marked for four lanes of traffic with additional space between the pavement and the curb for parking. There was no traffic to the right of defendant's car to prevent his driving behind Mr. Hulce's car, which had entered the intersection at a time when defendant's car was distant from the intersection more than 200 feet. Officers who promptly arrived at the scene of the accident stated that defendant admitted that he had had too much to drink. They testified that in their judgment he was intoxicated.

. The evidence is ample to sustain the conviction. The facts established bring defendant's conduct within the provisions of the second subdivision of section 192 of the Penal Code, in which involuntary manslaughter is defined as the unlawful killing of a human being "in the commission of an unlawful act, not amounting to felony; or in the commission of a lawful act which might produce death, in an unlawful

manner, or without due caution and circumspection''. The jury was justified in finding that defendant was committing an unlawful act, reckless driving, and also that he drove with such lack of due caution and circumspection as to constitute criminal negligence.

█ Complaint is made of the ruling of the trial court in permitting the testimony of a police officer concerning certain vile remarks made by defendant at the scene of the collision. At the trial objection was made that the remarks were immaterial and it is contended now that the remarks contained admissions and that no foundation was laid for their reception in evidence. No confession or admission was made by defendant in these remarks. The officer was observing the conduct of the defendant for the purpose of determining whether or not he was intoxicated. The remarks were properly received in evidence as showing the basis, in part, for the officer's conclusion that the defendant was intoxicated.

█ The contention of counsel for defendant that the death of Mr. Hulce, which occurred five days after the collision, was caused by pneumonia rather than by the reckless driving of defendant is so devoid of merit as to make discussion inappropriate.

The judgment is affirmed.

Crail, P. J., and McComb, J., concurred.